23-369-cv
*Jeanty v. City of Utica*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-four.

PRESENT:
>       JOSEPH F. BIANCO,
>       STEVEN J. MENASHI,
>       EUNICE C. LEE,
>               *Circuit Judges*.

_____

VLADIMIR JEANTY,

>               *Plaintiff-Appellant*,

v.                                                                          23-369

CITY OF UTICA, MARK WILLIAMS, CHIEF OF POLICE, UTICA POLICE DEPARTMENT; INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, POLICE OFFICER MICHAEL CERMINARO, BADGE #1301, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, INVESTIGATOR PETER PALADINO, BADGE #6290, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, LIEUTENANT SEAN DOUGHERTY, BADGE #2553, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, POLICE OFFICER EDWARD HAGEN, BADGE #3750, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, OFFICER MICHAEL PETRIE,

BADGE #6612, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

*Defendants-Cross-Claimants-Appellees*,

SERGEANT DAVID DARE, BADGE #1960, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

*Defendant-Appellee*,

HONORABLE SCOTT D. McNAMARA, ONEIDA COUNTY DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, GRANT GARRAMONE, ASSISTANT DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, STEVEN COX, ASSISTANT DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, MICAELA PARKER, INDIVIDUALLY AND AS AN EMPLOYEE OF GATEHOUSE MEDIA, LLC, FRAN PERRITANO, CITY EDITOR, INDIVIDUALLY AND AS AN EMPLOYEE OF GATEHOUSE MEDIA, LLC, RON JOHNS, EDITOR, INDIVIDUALLY AND AS AN EMPLOYEE OF GATEHOUSE MEDIA, LLC, GATEHOUSE MEDIA, LLC, COUNTY OF ONEIDA,

*Defendants-Cross-Defendants*,

POLICE OFFICER ADAM HOWE, BADGE #4047, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, POLICE OFFICER DANIEL TAURISANO, BADGE #8381, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, SERGEANT PETER SCALISE, BADGE #7547, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, LIEUTENANT LOUIS CAPRI, BADGE #1174, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, INVESTIGATOR JOSEPH TREVASANI, BADGE #8529, INDIVIDUALLY AND IN HIS OFFICIAL

CAPACITY, FIRST ASSISTANT CORPORATION COUNSEL CHARLES N. BROWN, FIRST ASSISTANT CORPORATION COUNSEL, CITY OF UTICA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

*Defendants-Cross-Claimants*,

POLICE OFFICERS JOHN DOE, #1-6 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, JOHN DOE #7, CORPORATION COUNSEL, CITY OF UTICA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

*Defendants.**

---

FOR PLAINTIFF-APPELLANT: VLADIMIR JEANTY, *pro se*, Arverne, New York.

FOR DEFENDANTS-APPELLEES: ZACHARY C. OREN, First Assistant Corporation Counsel, City of Utica Law Department, Utica, New York, *for* City of Utica, Mark Williams, Michael Cerminaro, Peter Paladino, Edward Hagen, Michael Petrie, and David Dare.

DAVID A. BAGLEY, Kernan Professional Group, Oriskany, New York, *for* Sean Dougherty.

Appeal from an order of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order, entered on February 13, 2023, is **AFFIRMED**.

Plaintiff-Appellant Vladimir Jeanty, *pro se*, appeals from the district court's order denying his motion, pursuant to Federal Rule of Civil Procedure 60(b), for relief from the final judgment entered following a jury verdict in favor of Defendant-Appellee Police Officer Michael Cerminaro on Jeanty's fabrication of evidence claim. We assume the parties' familiarity with the underlying

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

3

facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This lawsuit arises from Jeanty's 2009 arrest and conviction on New York state drug charges, which was vacated following the discovery of *Brady* material—namely, twenty-two photographs taken by law enforcement—that had not been turned over to him before or during the trial. In 2016, Jeanty filed a complaint asserting various constitutional and tort claims, pursuant to 42 U.S.C. § 1983 and New York state law, for injuries resulting from that arrest and prosecution and a related newspaper article that he alleged was defamatory. The district court resolved all claims in favor of the defendants pursuant to Federal Rules of Civil Procedure 12 and 56, with the exception of the Section 1983 fabrication of evidence claim against Officer Cerminaro, which the district court allowed to proceed to trial on the theory that Officer Cerminaro allegedly gave false testimony when he stated that he saw Jeanty possess and discard a bag containing cocaine. At trial, Jeanty argued that the twenty-two photographs—which depict, *inter alia*, a bag and cocaine on the ground at the scene of his arrest—had been staged by law enforcement. He called Sergeant Edin Selimovic, the officer who created the CDs containing the twenty-two photographs in evidence, as a witness to answer questions regarding the photographs' metadata. Sergeant Selimovic testified that the photographs were taken on the date of Jeanty's arrest and that he had not made any changes to the files when creating the CDs. The jury found in favor of Officer Cerminaro, and this Court affirmed. *See Jeanty v. Cerminaro*, No. 21-1974-CV, 2023 WL 325012 (2d Cir. Jan. 20, 2023) (summary order).

In July 2022, Jeanty moved for relief from the judgment pursuant to Rule 60(b), arguing that, during trial, the defendants suborned perjury and committed fraud because they knew and failed to disclose that the twenty-two photographs provided to Jeanty had modified metadata.

4

Jeanty attached a report by Benedict Da Costa, a freelance IT consultant, which stated that certain files and metadata had been modified on each of the CDs provided to Jeanty. In his reply memorandum, Jeanty additionally argued that the "unmodified metadata" of the twenty-two photographs constituted "newly discovered evidence" under Rule 60(b). The district court denied Jeanty's motion in its entirety, concluding that even if Da Costa's report were admissible as an expert opinion, Jeanty had not shown that: (1) the "unmodified metadata" was newly discovered evidence under Rule 60(b)(2); or (2) the metadata on the CDs was evidence of fraud by an opposing party under Rule 60(b)(3).[1] *Jeanty v. Cerminaro*, No. 6:16-cv-966 (BKS/TWD), 2023 WL 2559412, at *3–4 (N.D.N.Y. Feb. 13, 2023). Jeanty appealed.

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion[.]" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (internal quotation marks and citation omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (alteration adopted) (internal quotation marks and citations omitted). As set forth below, we discern no basis to disturb the district court's denial of the motion for reconsideration under Rule 60(b).

Rule 60(b)(2) authorizes a court to relieve parties from a final judgment in the face of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). To prevail on a motion under Rule 60(b)(2), the movant must establish that: "(1) the newly discovered evidence was of facts that existed at the

---

[1] The district court additionally held that Jeanty failed to satisfy his burden under the catchall provision of Rule 60(b)(6) or the court's inherent power to vacate a judgment for fraud on the court. *Jeanty*, 2023 WL 2559412, at *5.

time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not merely cumulative or impeaching." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020) (citation omitted). Here, Jeanty received multiple copies of the twenty-two photographs in 2011, 2018, 2020, and 2021, and repeatedly raised issues regarding the photographs' metadata, including at trial. Thus, as the district court correctly recognized, the "only *new* information which [Jeanty] has presented with his motion—and which he did not possess well before the entry of final judgment—is the report of Da Costa," which did not exist at the time of trial. *Jeanty*, 2023 WL 2559412, at *4. Assuming the district court had construed the alleged difference in the photographs' metadata as newly discovered evidence, Jeanty does not establish that he was justifiably ignorant despite due diligence given that he received the photographs' metadata as early as 2011 and only retained Da Costa after the trial in 2022. Accordingly, the district court did not abuse its discretion in determining that relief was not warranted under Rule 60(b)(2).

With respect to Rule 60(b)(3), Jeanty argues that the district court abused its discretion by speculating as to the basis for any modifications to the metadata on the CDs and denying his motion without holding an evidentiary hearing. We disagree. Rule 60(b)(3) authorizes a court to relieve a party from a final judgment due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted). Generally, "a Rule 60(b)(3) motion cannot be

6

granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Jeanty argues that the defendants engaged in fraudulent conduct against him, under Rule 60(b)(3), by modifying the metadata of the twenty-two photographs to falsely represent that they were taken on the date of his arrest, and that the Da Costa report provides clear and convincing evidence that certain modifications were made. However, as the district court correctly concluded, evidence that the metadata was modified in some unidentified way is not clear and convincing evidence that the defendants fraudulently altered the metadata. To illustrate this point, the district court explained that certain metadata fields—such as the date created, date modified, and date last saved—appeared to reflect the dates on which the photographs were produced to Jeanty, and that the modifications in the metadata may have been a function of the multiple productions requested by Jeanty.

Moreover, contrary to Jeanty's argument, the district court did not rely on speculation to deny his motion, but rather provided an alternative explanation for the modifications based on the evidence to show that Jeanty had not adduced clear and convincing evidence of fraud. Although Jeanty argues that the district court should have held a hearing to ask Sergeant Selimovic and the defendants' attorneys about "what specific modifications were made," Appellant's Br. at 19, the district court acted well within its discretion in declining to hold the requested hearing because Jeanty's request was an improper "attempt to relitigate the merits" of the trial and prior appeal, *Fleming*, 865 F.2d at 484; *see also Bongiorno v. United States*, No. 22-2900, 2023 WL 7648621, at *3 (2d Cir. Nov. 15, 2023) (summary order) ("[A] hearing [is not] required under Rule 60(b), which reserves such procedures for situations involving material issues of fact which could not have been properly resolved without an evidentiary hearing." (internal quotation marks and

7

citation omitted)). Thus, because Jeanty did not present clear and convincing evidence of fraud that would have prevented him from fully and fairly presenting his case, the district court properly denied his motion to vacate under Rule 60(b)(3).[2]

Finally, Jeanty argues that he should not be required to pay the defendants' litigation costs as ordered by both the district court (in connection with the underlying judgment) and this Court (in connection with the prior appeal). As a threshold matter, because he failed to seek relief in his Rule 60(b) motion from the district court's prior taxation of costs, we need not address it. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). In any event, Jeanty does not provide a legal basis to challenge the district court's taxation of costs, nor does he identify any proper ground for this Court to reconsider its award of costs in connection with his prior appeal.

$$*\qquad\qquad*\qquad\qquad*$$

We have considered Jeanty's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent that Jeanty separately argues that this alleged misconduct against him also constituted a fraud *on the court* under Fed. R. Civ. P. 60(d)(3), that argument fails for the same reason. *See State St. Bank*, 374 F.3d at 176 (applying "same principles" for fraud and fraud-on-the-court arguments). We also agree with the district court that relief under the catch-all provision of Rule 60(b)(6) was unavailable because Jeanty's arguments implicated the more-specific Rules 60(b)(2) and (3). *See Stevens v. Miller*, 676 F.3d 62, 67–68 (2d Cir. 2012).

8